**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LINCOLN T. GRISWOLD, individually, and
LINCOLN T. GRISWOLD, as the former
majority partner and owner of the Lincoln T.
Griswold Family LLP,

                Plaintiffs,

       v.

COVENTRY FIRST LLC, THE COVENTRY
GROUP, INC., MONTGOMERY CAPITAL,
INC., COVENTRY FINANCIAL, LLC, and
REID S. BUERGER,

                Defendants.

Civil Action No. _____

## DECLARATION OF AMY WELSH

    1.    My name is Amy Welsh, and I am an adult and legal resident of the Commonwealth of Pennsylvania. I hold the position of Senior Counsel at Coventry First LLC ("Coventry First"). I submit this declaration on behalf of Defendants Coventry First LLC ("Coventry First"), The Coventry Group, Inc., Montgomery Capital, Inc., Coventry Financial LLC, and Reid S. Buerger, the Defendants in the above-captioned matter (collectively "Defendants"). I have personal knowledge of the facts described herein.

    2.    The sole member of Coventry Financial LLC is Lifetime Assets Corporation, a Pennsylvania corporation with its principal place of business in Pennsylvania.

    3.    Attached as Exhibit A to this Declaration is a redacted copy of the certificate of incorporation for the policy seller in the transaction described in paragraph 73 of the Complaint. Exhibit A is a record kept in the course of a regularly conducted business activity of Coventry First, and it was Coventry First's regular practice to make such records.

4.      Attached as Exhibit B to this Declaration is a redacted, excerpted copy of the articles of incorporation of the policy seller in the transaction described in paragraph 73 of the Complaint showing its principal place of business in Indiana.  Exhibit B is a record kept in the course of a regularly conducted business activity of Coventry First, and it was Coventry First's regular practice to make such records.

5.      Since it started buying life insurance policies in 2001, Coventry First has bid on or considered nearly 100,000 policies with total death benefits in excess of $300 billion.  In that same time period, Coventry First has purchased more than 8,700 policies with death benefits in excess of $23 billion from sellers residing in all 50 states plus Washington DC and Puerto Rico.  Of these, fewer than 5% of the policies and less than 4% of the death benefits are attributable to policies sold by Pennsylvania residents.  Coventry First purchased the remaining 8,300-plus policies, which represent more than $20 billion in death benefits, from policy sellers residing outside of Pennsylvania.

6.      Since it started buying life insurance policies in 2001, Coventry First's profits in life settlement transactions have exceeded $5 million.

7.      In addition to the Griswold and Luber policies, Coventry First has purchased at least one policy from a trust that had Wells Fargo Bank, N.A. as the trustee.

8.      Coventry First has also purchased at least one policy from a trust that had Bank of America, N.A. as the trustee.

I declare under penalty of perjury that the foregoing is true and correct.

_Amy Welsh_
Amy Welsh

Dated:  November 2, 2010

# EXHIBIT A

Form SSC-03
State Form 4158

### STATE OF INDIANA
## OFFICE OF THE SECRETARY OF STATE

### CERTIFICATE OF INCORPORATION

### OF

.................................................... REDACTED ............... INC, .............................

..................................................................................................................

    I, EDWIN J. SIMCOX, *Secretary of State of Indiana, hereby certify that Articles of Incorporation of the above Corporation, in the form prescribed by my office, prepared and signed in duplicate by the incorporator(s), and acknowledged and verified by the same, have been presented to me at my office accompanied by the fees prescribed by law; that I have found such Articles conform to law; that I have endorsed my approval upon the duplicate copies of such Articles; that all fees have been paid as required by law; that one copy of such Articles has been filed in my office; and that the remaining copy of such Articles bearing the endorsement of my approval and filing has been returned by me to the incorporator(s) or his(their) representatives; all as prescribed by the provisions of the* ............. INDIANA GENERAL CORPORATION ACT ............................................................

............................................................., *as amended.*

NOW, THEREFORE, *I hereby issue to such Corporation this Certificate of Incorporation, and further certify that its corporate existence has begun.*

*In Witness Whereof, I have hereunto set my hand and affixed*

*the seal of the State of Indiana, at the City of Indianapolis,*

*this* ................... 28th ...................................*day of*

................... December ............., 19..... 82

EDWIN J. SIMCOX, *Secretary of State*

By.......................................................

                                                              *Deputy*

# EXHIBIT B

FEE: Minimum fee for up to 1000 shares .. $    35.00

Fee for shares over 1,000 but less than 200,000
@ 2¢ per share ........................... + $

Fee for shares over 200,000 but less than
1,000,000
@ 1¢ per share ........................... + $

Fee for shares over
1,000,000
@ 0.2¢ per share ........................... + $

Total Fee Due $

APPROVED
AND
FILED

DEC 28 1982

*Edwin Simcox*

SECRETARY OF    STATE OF INDIANA

Corporate Form No. 101 (Aug. 1980)—Page One

ARTICLES OF INCORPORATION

Edwin J. Simcox, Secretary of State of Indiana

Use White Paper—Size 8½ x 11—For Inserts

Filing Requirements—Present 2 originally signed and fully executed copies to Secretary of State, Room 155, State House, Indianapolis 46204

Recording Requirements—Recording of Articles of Incorporation in the Office of the County Recorder is no longer required by the Indiana General Corporation Act.

# ARTICLES OF INCORPORATION
# OF

REDACTED , Inc.

--------------------------------------------------------------------------------

The undersigned incorporator or incorporators, desiring to form a corporation (hereinafter referred to as the "Corporation") pursuant to the provisions of:

(Indicate appropriate act)

☐ Indiana General Corporation Act

☐ Medical Professional Corporation Act

☐ Dental Professional Corporation Act

☐ Professional Corporation Act of 1965

☐ I.C. 23-1-13.5 (Professional Accounting Corporations)
pursuant to the Indiana General Corporation Act.
(Professional Accounting Corporations are considered to be formed pursuant to the authority of the Indiana General Corporation Act, but subject to the provisions of I.C. 23-1-13.5)

as amended (hereinafter referred to as the "Act"), execute the following Articles of Incorporation:

## ARTICLE I
## Name

The name of the Corporation is _____ REDACTED _____ Inc.

--------------------------------------------------------------------------------

## ARTICLE II
## Purposes

The purposes for which the Corporation is formed are:
Section 2.01.

**REDACTED**

State Form 4169R

Corporate Form No. 101—Page Two

Prescribed by Edwin J. Simcox, Secretary of State
(Aug. 1980)

# ARTICLE III
## Period of Existence

The period during which the Corporation shall continue is....perpetual......................................

(perpetual or a stated period of time)

# ARTICLE IV
## Resident Agent and Principal Office

Section 1. Resident Agent.  The name and address of the Corporation's Resident Agent for service of process

is. ...................................................**REDACTED**........................................................................

| Indianapolis | Indiana | 46202 |
|---|---|---|
| (City) | (State) | (Zip Code) |

Section 2. Principal Office.  The post office address of the principal office of the Corporation is................

| **REDACTED** | Indianapolis, | Indiana | 46202 |
|---|---|---|---|
| (Number and Street or Building) | (City) | (State) | (Zip Code) |

**(The resident agent and principal office address must be located in Indiana.)**

# ARTICLE V
## Authorized Shares

Section 1. Number of Shares:

The total number of shares which the Corporation is to have authority to issue is  1,000 .

A.  The number of authorized shares which the corporation designates as having par value is  none
with a par value of $_____.

B.  The number of authorized shares which the corporation designates as without par value is  1,000 .

Section 2. Terms of Shares (if any):

Section 6.01. Terms of Shares.  The 1,000 shares without par value which the corporation shall have authority to issue shall constitute a single class of shares to be known as the "Common Shares".

Section 6.02.  Preemptive Rights.  The holders from time to time of the Common Shares of the Corporation shall have the right to purchase, at such respective equitable prices, terms and conditions (including pragmatic adjustments to avoid the issue of fractional shares) as shall be fixed by the Board of Directors, such of the Common